ORIGINAL

ORIGINAL
FILED
MAR 31 2008
U.S. COURT OF FEDERAL CLAIMS
Receipt # 067911

**THE UNITED STATES COURT OF FEDERAL CLAIMS**

------------------------------------------------------------x

**DARREN FUSARO, BARBARA EIKE, GREGORY E. SCOTT, TONY MUCKER, LAURENCE M. REISLAND, SYLVIA JONES, and LIZABETH PEREZ,**

**Plaintiffs,**

**v.**

**08-231 C**

**UNITED STATES DEPARTMENT OF TREASURY and THE UNITED STATES MINT,**

**Defendants.**

------------------------------------------------------------x

**COMPLAINT FOR MONETARY DAMAGES**

**INTRODUCTORY STATEMENT**

**1.** The Plaintiffs in this action are each individual employees of the United States Government. At all times relevant to this complaint, each of the Plaintiffs were and are Supervisory Police Officers (TR-083-09-Sergeant) located at the San Francisco, West Point, New York and other U.S. Mints, Office of the Superintendent Security Staff ("SPO's"). Each of the Plaintiffs, as an incumbent of an SPO position, during all relevant times referred to in this complaint, spent at least 51% of their work time performing criminal investigative duties, protective duties, or a combination of both.

**3.** Plaintiffs claim that their positions have been erroneously classified as "administrative" or "executive" by the Defendants and therefore exempt from the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. Section 201, et. seq. ("FLSA").

**4.** Plaintiffs each claim that they are non-exempt under FLSA, based upon their investigative duties.

**5.** The Plaintiffs seek relief in this Court pursuant to 28 U.S.C. Section 1491 and the Back Pay Act (5 U.S.C. Section 5596) because of the Defendants' refusal to pay overtime pay as required pursuant to FLSA (29 U.S.C. Section 201, et. seq.). The Defendants' refusal to pay overtime pay to the Plaintiffs, based upon the actual overtime work performed by them while they encumbered and now encumber the SPO position is arbitrary, capricious, and not in accordance with law.

**6.** Each of the Plaintiffs now assert a retroactive monetary claim for overtime pay and request reclassification as non-exempt FLSA employees as part of damages.

**7.** The Plaintiffs have exhausted their administrative remedies.

**JURISDICTION**

**8.** This Court has jurisdiction pursuant to 28 U.S.C. Section 1491, and 28 U.S.C. Section 5596.

**PARTIES**

**9.** At all relevant times herein, each Plaintiff was employed by the Defendants as an SPO and bring this action to redress monetary injuries to him or herself.

**STATEMENT OF CLAIMS**

**10.** The Plaintiffs in this claim seek compensation for numerous hours of uncompensated scheduled overtime worked by each of them pursuant to FLSA. Each of the Plaintiffs have requested overtime pay under FLSA after appointment to the SPO position. Defendants have refused to grant overtime pay to the Plaintiffs. The Plaintiffs seek retroactive

correction by the Defendants of their failure to pay overtime pay to each of the Plaintiffs at all times during which each of the Plaintiffs encumbered the SPO position.

**11.** The Defendants' failure to implement the ministerial and non-discretionary act of paying overtime pay to each of the Plaintiffs violates FLSA.

**WHEREFORE**, based on the foregoing, Plaintiffs request judgment against Defendants (a) in the aggregate amount for all Plaintiffs of Five Hundred Thousand Dollars ($500,000.00), exclusive of statutory interest and court costs for the refusal to pay overtime pay; (b) reclassification as non-exempt employees under FLSA; and (c) ordering such other and further relief as the Court deems just and proper.

Dated: Glen Cove, New York
March 25, 2008

Respectfully submitted,

Lawrence Berger, Esq.
Mahon & Berger, Esqs.
21 Glen Street, Suite D
Glen Cove, New York 11542
(516) 671-2688
Fax: (516) 671-1148