IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DARREN FUSARO, BARBARA EIKE, GREGORY E. SCOTT, TONY MUCKER, LAURENCE M. REISLAND, SYLVIA JONES, and LIZABETH PEREZ, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 08-231C (Senior Judge Hodges, Jr.) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S RULE 12(B)(1) MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully requests that the Court dismiss the complaint filed by plaintiffs for lack of subject matter jurisdiction. In support of our motion, we rely upon the following brief.

BRIEF

STATEMENT OF THE ISSUE

Does the non-appropriated funds doctrine bar the Back Pay Act and Fair Labor Standards Act claims asserted by plaintiffs, who are employed by the United States Mint?

STATEMENT OF THE CASE

Plaintiffs are security personnel at the United States Mint ("Mint"). Compl. ¶ 1. Plaintiffs allege that the Mint erroneously classified their positions as exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA"), and therefore claim that the Mint wrongfully denied them overtime pay. Compl. ¶¶ 3-5. Plaintiffs seek damages and other relief pursuant to the FLSA, 29 U.S.C. § 201 et seq., and the Back Pay Act, 5 U.S.C. § 5596. The Court does not possess subject matter jurisdiction to entertain these claims.

ARGUMENT

I. THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(1) AND THE NON-APPROPRIATED FUNDS DOCTRINE

A. The Court's Jurisdiction Is Limited

This Court is a court of limited jurisdiction. Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997). Congress created the Court to permit "'a special and limited class of cases' to proceed against the United States." Hercules Inc. v. United States, 516 U.S. 417, 423 (1996) (quoting Tennessee v. Sneed, 96 U.S. 69, 75 (1878)). The Court "'take[s] cognizance only of those claims which by the terms of some act of Congress are committed to it.'" Hercules, 516 U.S. at 423 (quoting Thurston v. United States, 232 U.S. 469, 476 (1914)).

The Tucker Act is the "primary statute" governing the jurisdiction of the Court. Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir. 2002). The Tucker Act provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Tucker Act "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994). Plaintiffs invoke the Court's Tucker Act jurisdiction and rely upon the Back Pay Act as a money mandating statute. Compl. ¶ 8. Plaintiffs also rely upon the FLSA. Id. ¶¶

3-5, 10-11. The Court nevertheless lacks subject matter jurisdiction to entertain the complaint because plaintiffs' claims are barred by the non-appropriated funds doctrine.

B. The Non-Appropriated Funds Doctrine Circumscribes The Court's Jurisdiction

"'The jurisdictional grant in the Tucker Act is limited by the requirement that judgments awarded by the Court of Federal Claims must be paid out of appropriated funds.'" Taylor, 303 F.3d at 1360 (quoting Furash & Co. v. United States, 252 F.3d 1336, 1339 (Fed. Cir. 2001) (citing 28 U.S.C. § 2517 (2000))). "Generally, an appropriation is not money at all, but congressionally delegated statutory 'authority making amounts available for obligation or expenditure.'" AINS, Inc. v. United States, 56 Fed. Cl. 522, 537 (2003) (quoting 31 U.S.C. § 701(2)(C)), aff'd, 365 F.3d 1333 (Fed. Cir. 2004). "An appropriation must be stated expressly and not implied or inferred in an act." AINS, 56 Fed. Cl. at 537 (citing 31 U.S.C. § 1301(d)).

Congress, however, has the power to create "a self-funding agency, free and clear of any appropriations." AINS, 365 F.3d at 1341. These entities are known as "non-appropriated funds instrumentalities," or "NAFIs." AINS, 365 F.3d at 1335, 1339. NAFIs are "arms of the [Federal] government," even though the "government assumes none of the[ir] financial obligations." Standard Oil Co. v. Johnson, 316 U.S. 481, 485 (1942). "The sine qua non of all NAFIs [non-appropriated funds instrumentalities] is apparent in their name: they do not receive appropriated funds." AINS, 365 F.3d at 1337. "As a result, all NAFIs are government 'instrumentalities' that are at least essentially self-supporting." Id.

"The general rule is that the Court of Federal Claims lacks jurisdiction to grant judgment against the United States on a claim against a NAFI because the United States has not assumed the financial obligations of those entities by appropriating funds to them." El-Sheikh v. United States, 177 F.3d 1321, 1324 (Fed. Cir. 1999). "The Court of Claims, which created the principle,

explained that 'the theory has been that, since our judgments are paid only from appropriated funds, in order to be actionable here the transaction sued upon must be one which, in the contemplation of Congress, can obligate public monies. If Congress has indicated that public funds shall not be involved, we cannot grant the relief requested.'" El-Sheikh, 177 F.3d at 1324 (quoting Interdent Corp. v. United States, 203 Ct. Cl. 296, 488 F.2d 1011, 1013 (1973)). "In other words, the court concluded that if the underlying obligation was unfunded, Congress did not intend to waive sovereign immunity from a suit based upon a breach of that obligation." Id. "Hence, the Tucker Act generally does not provide the Court of Federal Claims with jurisdiction over claims against NAFIs." Taylor, 303 F.3d at 1360 (citing El-Sheikh, 177 F.3d at 1324). "This requirement is known as the non-appropriated funds doctrine." Id.

The Tucker Act does provide one exception to application of the non-appropriated funds doctrine and waives sovereign immunity for contract claims against certain specified NAFIs in the military and in NASA:

> For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States.

28 U.S.C. § 1491(a)(1). The Tucker Act does not provide such an exception, however, for statutory claims, or for suits against any other NAFIs. See McDonald's Corp. v. United States, 926 F.2d 1126, 1129-31 (Fed. Cir. 1991) (reviewing legislative history of 1970 amendments to the Tucker Act, and noting that the original Senate bill would have waived sovereign immunity as to all NAFIs, but the scope of the waiver was curtailed by House amendments, which were agreed to by the Senate and appear in the current statutory language). "Applying the familiar canon of expressio unius est exclusio alterius, … Congress did not intend to allow exceptions" to

the non-appropriated funds doctrine "in addition to th[os]e … that it expressly created." See Cook v. Principi, 318 F.3d 1334, 1339 & n.6 (Fed. Cir. 2002) (en banc) (interpreting statutory provisions in Title 38). The Tucker Act, therefore, does not waive sovereign immunity for any statutory claims against any NAFI. Taylor, 303 F.3d at 1360; El-Sheikh, 177 F.3d at 1324.

C. The Mint Is A NAFI Entitled to Sovereign Immunity

"Congress intended the Mint to be a self-funding agency, free and clear of any appropriations." AINS, 365 F.3d at 1341. The United States Court of Appeals for the Federal Circuit ("Federal Circuit") squarely has held "that the Mint is a NAFI and that Congress has not waived the Mint's sovereign immunity from suit." Id. at 1344.

D. Plaintiff's Claims Are Barred By The Non-Appropriated Funds Doctrine

"A clear and express statute … may waive sovereign immunity" for a NAFI. Taylor, 303 F.3d at 1360 (citations omitted). For example, the FLSA authorizes "employees" to sue, 29 U.S.C. § 216(b), and Congress defined "employees" to include "any individual employed by the Government of the United States … in a nonappropriated fund instrumentality under the jurisdiction of the Armed Forces." 29 U.S.C. § 203(e)(2)(A)(iv). Accordingly, the Federal Circuit has ruled that an employee of an Air Force officer's club, a NAFI under the jurisdiction of the Armed Forces, may sue for overtime pay pursuant to the FLSA. El-Sheikh, 177 F.3d at 1323. In contrast, however, the Federal Circuit affirmed this Court's rejection of the statutory claims for separation pay asserted by former employees of a military exchange because 5 U.S.C. § 5597 "does not extend expressly to NAFI employees," even though Congress had waived sovereign immunity for contract claims against that same military exchange in the Tucker Act. Taylor, 303 F.3d at 1361. The Federal Circuit reasoned that it "construes strictly the limitations and conditions upon which the Government [has] consented to be sued and does not imply

exceptions." Id. (internal quotation marks and citation omitted). Plaintiffs do not identify any statute that provides a "clear and express" waiver of the Mint's sovereign immunity.

1. The FLSA Does Not Waive The Mint's Sovereign Immunity

Plaintiffs cite the FLSA in their complaint. Compl. ¶¶ 3, 5. The FLSA includes in the definition of "employees," who are authorized to file suit, individuals employed in various Government units, none of which are pertinent in this case. See 29 U.S.C. § 203(e)(2); 29 U.S.C. § 216(b). "In the case of an individual employed by a public agency," the term "employee" means:

> (A) any individual employed by the Government of the United States –
>
> (i) as a civilian in the military departments (as defined in section 102 of title 5, United States Code),
>
> (ii) in any executive agency (as defined in section 105 of such title),
>
> (iii) in any unit of the judicial branch of the Government which has positions in the competitive service,
>
> (iv) in a nonappropriated fund instrumentality under the jurisdiction of the Armed Forces,
>
> (v) in the Library of Congress, or
>
> (vi) the Government Printing Office;
>
> (B) any individual employed by the United States Postal Service or the Postal Rate Commission [Postal Regulatory Commission]; and
>
> (C) any individual employed by a State, political subdivision of a State, or an interstate governmental agency …

29 U.S.C. § 203(e)(2).

The FLSA does not contain any provision that purports to waive the sovereign immunity of the Mint in particular, or NAFIs in general. See 29 U.S.C. § 203(e)(2). The only provision that even comes close is section 203(e)(2)(A)(iv), which pertains to employees of "a nonappropriated fund instrumentality under the jurisdiction of the Armed Forces." 29 U.S.C.

§ 203(e)(2)(A)(iv). Unlike the plaintiff in El-Sheikh, however, the plaintiffs in this case do not (and cannot) allege that the Mint is "under the jurisdiction of the Armed Forces." See 29 U.S.C. § 203(e)(2)(A)(iv). The Mint is a bureau in the Department of the Treasury. 31 U.S.C. § 304(a). Yet, Congress only waived sovereign immunity for NAFIs "under the jurisdiction of the Armed Forces," not for NAFIs in other Executive departments. See 29 U.S.C. § 203(e)(2)(A)(iv). The FLSA therefore does not waive the Mint's sovereign immunity as a NAFI. See Taylor, 303 F.3d at 1361 (court "construes strictly the limitations and conditions upon which the Government [has] consented to be sued and does not imply exceptions"); see also Cook, 318 F.3d at 1339 n.6 ("Expressio unius est exclusio alterius means that the expression of one thing is the exclusion of another.") (internal quotation marks and citation omitted).

2. The Back Pay Act Does Not Waive The Mint's Sovereign Immunity

Plaintiffs also cite the Back Pay Act, 5 U.S.C. § 5596.[1] Compl. ¶¶ 3, 5, 8. "The Back Pay Act is … a 'money-mandating' statute when based on violations of statutes or regulations covered by the Tucker Act." Worthington v. United States, 168 F.3d 24, 26 (Fed. Cir. 1999) (citing United States v. Connolly, 716 F.2d 882, 887 (Fed. Cir. 1983) ("The Back Pay Act is merely derivative in application; it is not itself a jurisdictional statute.")). Plaintiffs' Back Pay Act claims are predicated upon alleged violations of the FLSA. Compl. ¶¶ 3, 5. As noted, however, the FLSA does not apply to employees of the Mint and, therefore, is not a basis for Tucker Act jurisdiction.

[1] The Back Pay Act authorizes "[a]n employee of an agency" to sue for back pay, and defines the term "agency" as: "(1) an Executive agency; (2) the Administrative Office of the United States Courts, the Federal Judicial Center, and the courts named by section 610 of title 28; (3) the Library of Congress; (4) the Government Printing Office; (5) the government of the District of Columbia; (6) the Architect of the Capitol, including employees of the United States Senate Restaurants; and (7) the United States Botanic Garden." 5 U.S.C. § 5596(a)-(b).

The Back Pay Act also does not include any provision authorizing suits against the Mint in particular, or NAFIs in general. See 5 U.S.C. § 5596. Hence, the Back Pay Act does not include a "clear and express" waiver of sovereign immunity, which is required before the Court may entertain this action against the Mint. See Taylor, 303 F.3d at 1360-61 (non-appropriated funds doctrine bars the separation pay claims of NAFI employees because 5 U.S.C. § 5597(b) does not refer specifically to NAFIs and, instead, only refers generally to defense agencies).

3. Plaintiffs' Cannot Avoid The Non-Appropriated Funds Doctrine

Plaintiffs cannot circumvent the non-appropriated funds doctrine by attempting to name the Department of Treasury as a defendant. As a threshold matter, the only proper defendant in this Court is the United States. 28 U.S.C. § 1491(a)(1) (conferring jurisdiction to "render judgment upon any claim against the United States") (emphasis added); RCFC 10(a) ("In the complaint the title of the action shall include the names of all the parties (see RCFC 20(a)), the United States being designated as the party defendant"); United States v. Sherwood, 312 U.S. 584, 588 (1941) ("if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court") (citations omitted). Plaintiffs do not make any substantive allegations, much less articulate a viable theory of liability, against the Department of Treasury, which was not their employer. Plaintiffs allege and admit that their employer is the Mint. Compl. ¶ 1. There is no money mandating provision of law that would authorize employees of the Mint to sue the Department of Treasury (or the United States) for back pay or overtime pay. Accordingly, the Court lacks jurisdiction to entertain such a claim.

The non-appropriated funds doctrine bars plaintiffs' statutory claims against the Mint. The complaint therefore should be dismissed pursuant to Rule 12(b)(1). See AINS, 365 F.3d at 1344-45 (affirming dismissal of contract claims against the Mint pursuant to Rule 12(b)(1) and

NAFI doctrine); Taylor, 303 F.3d at 1360 (affirming dismissal of statutory claims against Army and Air Force Exchange Service pursuant to Rule 12(b)(1) and NAFI doctrine).

CONCLUSION

For these reasons, we respectfully request that the Court dismiss the complaint for lack of subject matter jurisdiction.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Patricia M. McCarthy
PATRICIA M. MCCARTHY
Assistant Director

s/Douglas G. Edelschick
DOUGLAS G. EDELSCHICK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L. Street, N.W.
Washington, DC 20530
Tel: (202) 353-9303

May 20, 2008

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2008, a copy of foregoing "DEFENDANT'S RULE 12(B)(1) MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Douglas G. Edelschick