**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DARREN FUSARO, BARBARA EIKE, GREGORY E. SCOTT, TONY MUCKER, LAURENCE M. REISLAND, SYLVIA JONES, and LIZABETH PEREZ,** | ) | |
| **Plaintiffs,** | ) | **No. 08-231C** |
| | ) | **(Senior Judge Hodges, Jr.)** |
| **v.** | ) | |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S RULE 12(b)(1) MOTION TO DISMISS**

## I. Statement of the Issues

1. Whether the United States waived its sovereign immunity as to Fair Labor Standards Act ("FLSA") suits by employees of the United States Mint ("Mint");

2. Whether the Non-Appropriated Funds Doctrine is inapplicable to the FLSA and Back Pay Act claims made by Mint employees, where such employees are within the category of government employees who have been granted the right to sue the United States for violation of the FLSA.

## II. Statement of the Case

This case involves the United States' failure to pay overtime compensation to each of the Plaintiffs. Each of the Plaintiffs claim that the United States has failed to properly compensate them for overtime work performed at the behest of, and with full knowledge of their employer, the United States. On or about March 31, 2008, Plaintiffs filed their complaint in the

Court of Federal Claims. On or about May 20, 2008, the United States filed a Motion to Dismiss pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") for lack of subject matter jurisdiction.

## III. Argument

A. The Standard For Dismissal Under RCFC 12(b)(1)

When a defendant moves to dismiss under Rule 12(b)(1), the plaintiff must establish jurisdiction by a preponderance of the evidence. *Reynolds v. Army and Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988). In deciding a motion to dismiss, the Court must accept all unchallenged factual allegations and draw all reasonable inferences in favor of plaintiffs. *Ephraim v. Brown*, 82 F.3d 399, 401 (Fed. Cir. 1996) ("Disputed facts, unless without color of plausible basis, are resolved in favor of the petitioner for jurisdictional purposes.").

B. The Court Of Federal Claims Has Subject Matter Jurisdiction Over Plaintiffs' Claims

1. The Fair Labor Standards Act gives jurisdiction to the Court of Federal Claims

The Tucker Act gives this Court the power to hear "any claim against the United States founded ...upon...any Act of Congress." 28 U.S.C. Section 1491 (a)(1). Because the Plaintiffs' claim is "founded...upon" the FLSA, an Act of Congress, a threshold question is whether the United States waived its sovereign immunity to such suit. *El-Sheikh v. United States*, 177 F.3d 1321, 1323 (Fed. Cir. 1999). Plaintiffs argue that the waiver is found in the 1974 amendments to the FLSA. Congress specially extended the protection of the FLSA (29 U.S.C. Section 201, et. seq.) to federal government employees, by amendment in 1974 (Public Law 93-259), thus any claim by such employee would not impose an "unauthorized burden on

the public treasury." [Emphasis Added]. See *U.S. v. General Electric, Corp.* 727 F.2d 1567, 1570 (Fed. Cir. 1984). Congress explicitly recognized, in the 1974 amendments, that employees of any "executive agency" (as defined in 5 U.S.C. Section 105) are covered by the FLSA (29 U.S.C. Section 203 (e)(2)(A)(ii)). Each of the Plaintiffs are employed by the government of the United States in an "executive agency" and hence are covered by the FLSA. An "executive agency" means, among other things, an "executive department." 5 U.S.C. Section 105. The Department of Treasury is an "executive department.' 5 U.S.C. Section 101. The Mint is a bureau "in" the Department of Treasury. 31 U.S.C. Section 304(a). In sum, the FLSA defines the term "employee" as including "any individual employed by the Government of the United States, in...any executive agency," 29 U.S.C. Section 203(e)(2)(A)(ii), and it appears that for purposes of the FLSA, the "real" employer in interest of the Plaintiffs, all of whom are employed by the Mint, "in" an "executive agency," that is, the Department of Treasury, an "executive agency" of the United States, is the United States. See *Cosme v. Deshler*, 786 F.2d 445, 448 (C.A. 1st Cir. 1986).

Each Plaintiff, as an "employee" "in" an "executive agency," is viewed as an "individual employed by the Government of the United States." The FLSA authorizes each of the Plaintiffs' to sue his or her "employer," the United States (29 U.S.C. Section 216(b)), therefore, the FLSA waives the United States' sovereign immunity from such suits. See *El-Sheikh v. United States*, 177 F.3d 1321, 1323-24 (Fed. Cir. 1999). See also the legislative history of the 1974 amendments at 1974 U.S.C. C.A.N. 2811, 2852 ("...the minimum wage and overtime provisions of the [FLSA] are extended to the following public employees...(1) Employees of the Government of the United States (who are employed as civilians...in an Executive

Department...”).

2. The Non-Appropriated Funds Doctrine does not bar the Plaintiffs’ claims

Reliance by the defendant upon the non-appropriated funds doctrine to bar this Court from adjudicating Plaintiffs’ suit is misplaced. Whether or not the Mint is a non-appropriated fund instrumentality (“NAFI”) (see *Ains v. United States*, 365 F.3d 1333 (Fed. Cir. 2004)) is not dispositive of whether the non-appropriated funds doctrine applies to this case. Even if the Mint is a NAFI, the “doctrine is inapplicable, however, ‘where Congress has made special provisions’, [citation omitted], or where Congress has otherwise indicated by ‘special legislation, [citation omitted]... [I]n that situation, Congress necessarily intended to waive the bar of sovereign immunity.” *El-Sheikh*, supra at pp. 1324-25. Congress has made “special provisions” to extend the overtime provisions of the FLSA to executive agency employees such as the Plaintiffs. Of course, at the time of the 1974 amendments to the FLSA, the Mint was not a NAFI at all, and there was absolutely no warrant to believe that the FLSA, by its plain terms as described above, did not reach employees of the Mint. Congress unequivocally waived sovereign immunity by extending the FLSA to “executive agency” employees, such as Mint employees, “thereby permitting them to sue the United States as their employer.” *El-Sheikh*, *supra* at p. 1325.

Historically, the Mint received annual appropriations to perform its operations. (See e.g. 31 U.S.C. Section 5132(a)(3) (effective Oct. 1992), and the Secretary was required to deposit all amounts the Secretary received from the operations of the Mint into the Treasury as miscellaneous receipts (31 U.S.C. Section 5132(a)(1) (effective 1982). In 1995, Congress passed the “Treasury, Postal Service and General Government Appropriations Act, 1996" which established the Mint Public Enterprise Fund (the Mint “PEF”) (31 U.S.C. Section 5136) which

according to the Court in *Ains v. United States*, 365 F.3d 1333 (Fed. Cir. 2004), converted the Mint to a NAFI. Congress established the Mint PEF eleven years <u>after</u> the enactment of the 1974 FLSA amendments, which, from the inception of their enactment clearly extended the FLSA to Mint employees, and nothing in the Mint PEF legislation enacted in 1995 undermined the status of a Mint employee as an individual "employed by the Government of the United States" in an "executive agency," whether the particular "executive agency" was self-funded or not. See 31 U.S.C. Section 5136. The Mint PEF legislation merely altered the role of Congressional appropriations in the funding of Mint operations and is not relevant to Tucker Act jurisdiction over plaintiffs' statutory claim under the FLSA which turns on whether the Mint is an "executive agency" and not a NAFI. Further, it is irrelevant that the Mint is not specifically designated as a NAFI under the FLSA since the Mint was not a NAFI at the time of the 1974 amendments, but was an "executive agency" then, as it still is today. If in 1974, Congress decided to extend the protections of the FLSA to the employees of any non-appropriated fund instrumentality under the jurisdiction of the Armed Forces (29 U.S.C. Section 203(e)(2)(A)(iv)), in addition to federal government employees employed in any "executive agency" (203(e)(2)(A)(ii)), this decision could have no implication for the Mint, which was manifestly not a NAFI. As long as employees of the Mint are covered by the plain language of FLSA, that is, they are within the class of employees covered under 29 U.S.C. Section 203(e)(2)(A)(ii), they are not "removed from [FLSA's] effect by Congressional practices in enacting other kinds of statutes." *U.S. v. Hopkins*, 427 U.S. 123, 127 (1976). The enactment of the Mint PEF did not remove the Mint employees, such as the Plaintiffs, from the protection of the special legislation of the FLSA and therefore the non-appropriated funds doctrine is inapplicable here.

The Supreme Court has cautioned:

> The courts are not at liberty to pick and choose among congressional enactments, and when two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective. *Morton v. Mancari*, 417 U.S. 535, 551 (1974).

The FLSA addresses the subject of pay for employees in an executive agency such as the Mint. The Mint PEF (31 U.S.C. Section 5136) addresses the subject of funding for Mint operations. Both statutes are "capable of co-existence" (e.g. - Congress obviously contemplated that public treasury funds be used to pay compensation to NAFI employees (203(e)(i)(A)(2)(iv)), and Congress has nowhere indicated an intent to exempt Mint employees from the provisions of the FLSA. The FLSA details exemptions excluding certain classes of employees from the FLSA's overtime pay requirements. See e.g. 29 U.S.C. Section 213(a)(1) (exempting administrative employees) and 213(b)(20) (exempts federal law enforcement officers if the employing agency employs less than five employees in law enforcement activities). In all exemption determinations, employees are presumed to be FLSA non-exempt. 5 C.F.R. Section 551.202(a) (2008). The FLSA does not exempt Mint employees from its coverage. Nothing in 5 U.S.C. Section 5136 exempts Mint employees from the operation of the FLSA, nor repeals any provision of the FLSA as regards the Mint. "The intention of the legislature to repeal must be clear and manifest." *Morton*, 417 U.S. at 551. 5 U.S.C. Section 5136 does not reflect an intent to alter FLSA's overtime provisions as applied to Mint employees, and in the absence of a "clear and manifest" intent to do so, the United States has waived sovereign immunity as to the Plaintiffs' FLSA suit.

**Conclusion**

For the foregoing reasons, the Plaintiffs respectfully request that the Court deny the Defendant's Motion to Dismiss the Complaint for lack of subject matter jurisdiction.

Respectfully submitted,

s/Lawrence Berger
Mahon & Berger, Esqs.
BY: Lawrence Berger, Esqs.
21 Glen Street, Suite D
Glen Cove, New York 11542
516-671-2688
Fax: 516-671-1148

Dated: June 20, 2008

Certificate of Service

I hereby certify that on June 20, 2008, a copy of the foregoing Plaintiffs' Opposition to Defendant's Rule 12(b)(1) Motion to Dismiss was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Lawrence Berger