IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DARREN FUSARO, BARBARA EIKE, GREGORY E. SCOTT, TONY MUCKER, LAURENCE M. REISLAND, SYLVIA JONES, and LIZABETH PEREZ, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 08-231C (Senior Judge Hodges, Jr.) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY IN SUPPORT OF RULE 12(B)(1) MOTION TO DISMISS

In our opening brief, we demonstrated that plaintiffs cannot sue their employer, the Mint, because the Mint is a NAFI, AINS, Inc. v. United States, 365 F.3d 1333 (Fed. Cir. 2004), and the Court does not possess jurisdiction to entertain statutory claims against NAFIs absent clear language in the statute authorizing suits against NAFIs, Taylor v. United States, 303 F.3d 1357 (Fed. Cir. 2002).[1] In response, plaintiffs attempt to navigate the Scylla and Charybdis of AINS and Taylor. Plaintiffs admit, as they must, that the Mint has been a NAFI since 1995, but they argue that the non-appropriated funds doctrine should not apply in this case. As plaintiffs' theory goes, Congress impliedly waived the Mint's sovereign immunity in 1974, and Congress did not expressly revoke that waiver in 1995. Plaintiffs' argument lacks merit. The 1974 amendments to the FLSA did not waive the sovereign immunity of NAFIs that are part of executive agencies. The Mint became a NAFI in 1995 and, therefore, it is entitled to sovereign immunity for purposes of the FLSA. In addition, the law presumes that Congress was aware of the non-appropriated funds doctrine in 1995 when it changed the Mint's status to that of a NAFI. The intent of Congress – to convert the Mint into a NAFI that is immune from suit – is clear.

[1] Defined terms in our opening brief have the same meaning in this reply.

Plaintiffs, whose FLSA claims post-date the Mint's conversion to a NAFI, cannot turn back the clock and avoid the Mint's sovereign immunity merely by invoking a money-mandating statute that was passed prior to 1995. The Mint is immune from suit and the complaint should be dismissed pursuant to Rule 12(b)(1).

## I. THE 1974 AMENDMENTS TO THE FLSA DO NOT AUTHORIZE SUITS BY EMPLOYEES OF NON-MILITARY NAFIs

The FLSA, as amended in 1974, authorizes "employees" of an "executive agency" to sue. 29 U.S.C. §§ 203(e)(2)(A)(ii), 216(b). Plaintiffs incorrectly argue that the Mint is an "executive agency," such that the 1974 amendments operate as a waiver of the Mint's sovereign immunity. An "Executive agency" is defined, in relevant part, as "an Executive department."[2] 5 U.S.C. § 105; see also 29 U.S.C. § 203(e)(2)(A)(ii) (cross-referencing 5 U.S.C. § 105 for definition of "executive agency"). Fifteen cabinet-level "Executive departments" are listed in 5 U.S.C. § 101, and the Mint is not among them.[3]

Plaintiffs, nevertheless, contend that section 101 lists the Department of Treasury as an "Executive department," the Mint is a bureau in the Department of Treasury, and plaintiffs are

---

[2] The definition of "Executive agency" also includes a "Government corporation" or "an independent establishment." See 5 U.S.C. §§ 103, 104, 105. The Mint is not a government corporation or an independent establishment. Plaintiffs do not (and cannot) claim otherwise.

[3] The term "Executive department" in section 101 does not include "constituent components" or "parts of" listed departments. Fed. Labor Rel. Auth. v. United States DOJ, 137 F.3d 683, 688-89 (2d Cir. 1997) (Office of Inspector General ("OIG") is a "constituent component" of the Department of Justice ("DOJ"), but OIG is "clearly not an Executive department," even though DOJ is listed as an "Executive department in 5 U.S.C. § 101); Honeycutt v. Long, 861 F.2d 1346, 1349 & n3 (5th Cir. 1988) (Army and Air Force Exchange Service ("AAFES") is a NAFI that is "part of the Department of Defense" ("DOD"), but AAFES is not an "Executive department," even though DOD is listed as an "Executive department" in 5 U.S.C. § 101); Hancock v. Egger, 848 F.2d 87, 88-89 (6th Cir. 1988) (Internal Revenue Service ("IRS") is "part of" the Department of Treasury ("DOT"), but IRS is not an "Executive department," even though DOT is listed as an "Executive department in 5 U.S.C. § 101). Accordingly, the Mint is not an "Executive department" or an "Executive agency" within the meaning of 5 U.S.C. §§ 101, 105.

employees of the Mint. True enough, but it does not follow that an employee of a NAFI, such as the Mint, should be treated as an employee of an "Executive agency" for purposes of the FLSA.

In 1970, not long before the FLSA was amended to authorize suits by employees of an "executive agency," Congress considered waiving the sovereign immunity of all NAFIs for all claims, and squarely rejected the idea. See McDonald's Corp. v. United States, 926 F.2d 1126, 1129-31 (Fed. Cir. 1991) (reviewing legislative history of 1970 amendments to the Tucker Act, and noting that the original Senate bill would have waived sovereign immunity as to all NAFIs, but the scope of the waiver was curtailed by House amendments, which were agreed to by the Senate and appear in the current statutory language). Instead, Congress decided upon a compromise and waived sovereign immunity only for contract claims against certain specified NAFIs in the military and in NASA. Id.

Congress did not include any language in the 1974 amendments to the FLSA that would demonstrate a change in course. To the contrary, the FLSA's statutory scheme reflects a deliberate choice to authorize suits only against certain NAFIs in the military, which is consistent with the compromise that Congress previously reached in 1970. Cf. Bristol-Myers Squibb Co. v. Royce Lab., 69 F.3d 1130, 1136-37 (Fed. Cir. 1995) ("We presume 'that Congress is knowledgeable about existing law pertinent to legislation it enacts.'") (quoting VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1581 (Fed. Cir. 1990)).

For example, the FLSA authorizes suits by employees "in the military departments," as well as employees "in a nonappropriated fund instrumentality under the jurisdiction of the Armed Forces." 29 U.S.C. § 203(e)(2)(A)(i), (iv). Likewise, the FLSA authorizes suits by employees of "executive agencies," but there is no corresponding language authorizing suits by employees in a NAFI under the jurisdiction of "executive agencies." 29 U.S.C. § 203(e)(2). The

statutory scheme thus confirms that the FLSA did not waive immunity for NAFIs in civilian agencies. Cf. El-Sheikh v. United States, 177 F.3d 1321, 1324 (Fed. Cir. 1999) ("statutory scheme" of 1974 amendments to the FLSA "shows that Congress waived sovereign immunity to suits by NAFI employees" under the jurisdiction of the Armed Forces).

For purposes of the jurisdictional inquiry, the Court "construes strictly the limitations and conditions upon which the Government [has] consented to be sued and does not imply exceptions." Taylor, 303 F.3d at 1361 (internal quotation marks and citation omitted). The FLSA does not include, in the term "executive agency" or otherwise, a "clear and express" waiver of sovereign immunity for NAFIs, which is required before the Court may entertain this action. See id. at 1360.

There is no dispute that the Mint became a NAFI in 1995. Plaintiffs assert FLSA claims in this action that accrued long after 1995. See 29 U.S.C. § 255 (two year statute of limitations for FLSA overtime claims). Plaintiffs worked for a NAFI and seek money damages from a NAFI pursuant to a statute, the FLSA, that does not expressly authorize suits against NAFIs in civilian agencies. Plaintiffs' suit is barred by the non-appropriated funds doctrine.

## II. PLAINTIFFS CANNOT AVOID DISMISSAL BY ASSUMING THAT CONGRESS WAS IGNORANT OF THE NAFI DOCTRINE

Building upon their contention that Congress implicitly waived the Mint's sovereign immunity by authorizing suits against "executive agencies" in 1974, plaintiffs argue that this "waiver" was not expressly revoked when Congress converted the Mint into a NAFI in 1995. Yet, Congress is presumed to act with knowledge of the law. See, e.g., Cannon v. University of Chicago, 441 U.S. 677, 696-97 (1979) ("It is always appropriate to assume that our elected representatives, like other citizens, know the law"); Bristol-Myers Squibb, 69 F.3d at 1136-37. In 1995, the NAFI doctrine was well established. See, e.g., Standard Oil Co. v. Johnson, 316

U.S. 481, 485 (1942); McDonald's Corp. v. United States, 926 F.2d 1126, 1129-31 (Fed. Cir. 1991). As a result of the 1995 legislation, Congress converted the Mint into a NAFI "for which the United States has not assumed any obligation that is cognizable" in the Court of Federal Claims. AINS, Inc. v. United States, 56 Fed. Cl. 522, 543 (2003), aff'd, 365 F.3d 1333, 1344-45 (Fed. Cir. 2004). Plaintiffs cannot avoid the natural consequence of the decision by Congress to convert the Mint into a NAFI. The Mint is immune from suit.

## CONCLUSION

For these reasons, and for the reasons set forth in our opening brief, we respectfully request that the Court dismiss the complaint for lack of subject matter jurisdiction.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Patricia M. McCarthy
PATRICIA M. MCCARTHY
Assistant Director

s/Douglas G. Edelschick
DOUGLAS G. EDELSCHICK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L. Street, N.W.
Washington, DC 20530
Tel: (202) 353-9303

July 7, 2008

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2008, a copy of foregoing "DEFENDANT'S REPLY IN SUPPORT OF RULE 12(B)(1) MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Douglas G. Edelschick