# In the United States Court of Federal Claims

No. 08-231C
Filed November 5, 2008

| | |
|---|---|
| * * * * * * * | |
| DARREN FUSARO, ET AL, * | Motion to Dismiss; RCFC 12(b)(1); Non-Appropriated Funds Doctrine; Fair Labor |
| <u>Plaintiff</u>, * | Standards Act, 29 U.S.C. §§ 201-19 (2000); Back Pay Act, 5 U.S.C. § 5596 (2006); |
| v. * | Executive Agency; Employee of United States of America |
| UNITED STATES OF AMERICA, * | |
| <u>Defendant</u>, * | |
| * * * * * * * | |

<u>Lawrence A. Berger</u>, Mahon & Berger, Glen Cove, NY, for plaintiff.

<u>Douglas Glenn Edelschick</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## OPINION

**HODGES**, Judge.

    Plaintiffs are supervisory police officers at the United States Mint. Such employees are exempt from overtime provisions of the Fair Labor Standards Act. Plaintiffs contend that supervisory police officers should be classified non-exempt because they spend more than half of their time on the job performing criminal investigative and protective duties. The officers sued for back overtime pay under the Fair Labor Standards Act, 29 U.S.C. §§ 201-19, and the Back Pay Act, 5 U.S.C. § 5596.

    Congress converted the Mint to a nonappropriated fund instrumentality, or NAFI, when it created the Public Enterprise Fund in 1995. *See* 31 U.S.C. §5136 (2000). Defendant argues that the nonappropriated funds doctrine removes plaintiffs' claim from this court's jurisdiction. Defendant filed a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1). We deny defendant's motion to dismiss for the reasons stated below.

## DISCUSSION

    Plaintiffs must show that this court has jurisdiction to hear their case. *See, e.g., McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) (holding that "the party alleging jurisdiction [must] justify his allegations by a preponderance of evidence." We "assume all

factual allegations to be true and . . . draw all reasonable inferences in plaintiff's favor" at this stage of the proceedings.  *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).

This court has jurisdiction to hear cases "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1) (2000); *United States v. King*, 395 U.S. 1, 4 (1969) (noting that "jurisdiction to grant relief depends wholly upon the extent to which the United States has waived its sovereign immunity . . . .").

## I.  Nonappropriated Funds Instrumentalities (NAFIs)

Courts lack jurisdiction to enforce contracts with agencies not supported by appropriated funds, absent acts of Congress directing otherwise.  *United States v. Hopkins*, 427 U.S. 123, 125 (1976); *Standard Oil Co. of California v. Johnson*, 316 U.S. 481, 485 (1942); *El-Sheikh v. United States*, 177 F.3d 1321, 1324 (Fed. Cir. 1999) (holding that "the United States has not assumed the financial obligations of [NAFIs because it did not] appropriat[e] funds to them."  The result is that the Government may allege breach of contract in federal courts but the courts may not entertain such allegations against the United States.  *AINS, Inc. v. United States*, 365 F.3d 1333, 1344 (Fed. Cir. 2004) (holding "[a]bsent congressional authorization, the Court of Federal Claims has no jurisdiction to hear claims against NAFIs."); *see also Keetz v. United States*, 168 Ct. Cl. 205, 207 (1964) (noting it was "up to Congress to remedy this apparent harsh result . . .").[1]

Congress amended the Tucker Act in 1970 to address that "harsh result."  *Keetz*, 168 Ct. Cl. at 207; *see also Hopkins*, 427 U.S. at 126 (noting that both Houses made clear they wanted to allow contractors to sue NAFIs "by doing away with the inequitable 'loophole' in the Tucker Act.").  The amendment extended this court's jurisdiction to include NAFI contractor claims based on express or implied contracts.  28 U.S.C. § 1491(a)(1); *Hopkins*, 427 U.S. at 126 ("The purpose of the bill was clearly to provide a remedy to 'contractors' with nonappropriated fund instrumentalities").

Actions against NAFIs are limited to "those contemplated in the 1970 amendments."  *Lion Raisins, Inc. v. United States*, 416 F.3d 1356, 1365 (2005).  Thus, jurisdiction of NAFIs in this court includes disputes over contracts with military exchanges, claims brought by contract employees, takings claims, and claims "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department."  28 U.S.C. § 1491(a)(1); *see Hopkins*, 427 U.S. at 130 (finding the Tucker Act amendment included coverage of a NAFI employment contract); *Lion Raisins*, 416 F.3d at 1365 (holding that this court's jurisdiction extends "to claims against the United States for takings effected by NAFIs."); *El-Sheikh*, 177 F.3d at 1324 (holding that the FLSA covers NAFI employees); *but see Army & Air Force Exchange Service v. Sheehan*, 456 U.S. 728, 741 (1982) (holding that jurisdiction does not include appointed NAFI employees).

---

[1] A detailed history of NAFIs, the 1970 amendment to the Tucker Act, and the development of the NAFI doctrine are documented in *AINS, Inc. v. United States*, 56 Fed. Cl. 522, 527-37 (2003).

A. *El-Sheikh v. United States*

The Government used the NAFI doctrine to challenge jurisdiction where an employee of an Air Force officers club (a NAFI) brought a suit based upon an "Act of Congress," namely, the Fair Labor Standards Act. *El-Sheikh v. United States*, 177 F.3d 1321, 1323 (Fed. Cir. 1999). The Federal Circuit rejected the Government's argument, stating that there was no indication that Congress intended to exclude NAFI employees from the FLSA's waiver of sovereign immunity. *Id.* at 1324; *see* 29 U.S.C. §§ 203(e)(2), 216(b) (2000).

The NAFI doctrine "did not apply [in *El-Sheikh*] because the Fair Labor Standards Act expressly included NAFI employees within its scope, 29 U.S.C. § 203(e)(2), while also granting those employees the right to sue for violation of the Act, 29 U.S.C. § 216(b)." *Taylor v. United States*, 303 F.3d 1357, 1360 (Fed. Cir. 2002) (summarizing the holding of *El-Sheikh*); *see also Cosme Nieves v. Deshler*, 786 F.2d 445, 449 (1st Cir. 1986) (acknowledging that "the FLSA waives the sovereign immunity of the United States to suit by its employees and . . . NAFI employees are described in the FLSA as being employed by the United States government."). The court concluded that viewing "the non-appropriated funds doctrine as barring NAFI employees from suing the United States would . . . deny to those employees a right that Congress intended to give all the covered government employees." *El-Sheikh*, 177 F.3d at 1325.[2]

The court rejected the argument that Congress waived sovereign immunity for NAFIs only through the Tucker Act. *Id.* Congress amended the Tucker Act to overrule court decisions that held that NAFI contracts "were not contracts of the United States" under the Act. *Id.* The amendment expanded "the court's jurisdiction to cover [such] breaches." *Id.* Congress also waived sovereign immunity when it enacted the 1974 amendments to the Fair Labor Standards Act. *See id.* (noting that "[t]he 1970 Tucker Act amendment does not affect or undermine our conclusion that in the 1974 amendments to the Fair Labor Standards Act, Congress authorized suits by NAFI employees against the United States based on violations of the [FLSA].").

B. *Taylor v. United States*

The Separation Pay Act was the issue in *Taylor v. United States*, 303 F.3d 1357 (Fed. Cir. 2002). Military exchange employees sued in this court to obtain separation pay pursuant to 5 U.S.C. §5597 (2006). The Court of Federal Claims dismissed their case for lack of jurisdiction. The Federal Circuit affirmed, stating that the Separation Pay Act does "not obligate appropriated funds as the source of [the] separation payments." *Taylor*, 303 F.3d at 1361. Separation pay therefore is not available to NAFI employees.

---

[2] The Tucker Act amendment referring to Armed Forces exchanges did not apply in *El-Sheikh* because that provision addresses "contracts of five specific exchanges." *Id.* These did not include the club where El-Sheikh worked. Moreover, El-Sheikh's was an appointed position, not an employment contract. *Id.*; *see also Adams v. United States*, 391 F.3d 1212, 1221 (Fed. Cir. 2004) (noting that employees who serve by appointment are "governed exclusively by statute, not contract."); *Army & Air Force Exch. Serv. v. Sheehan*, 456 U.S. 728, 735-38 (1982) (Tucker Act does not grant jurisdiction over suits brought by appointed employees).

The Federal Circuit noted that "[a] clear and express statute . . . may waive sovereign immunity" for a NAFI and that such a waiver had existed in *El-Sheikh* "because the Fair Labor Standards Act manifested a *clear and express* waiver of sovereign immunity." *Id.* at 1360 (emphasis added) (internal citations omitted). The difference between *Taylor* and *El-Sheikh* was that the Separation Pay Act, unlike the Fair Labor Standards Act, did "not extend expressly to NAFI employees." *Id.* at 1361.

### C. *Lion Raisins, Inc. v. United States*

The Federal Circuit confronted the NAFI doctrine again when it considered a claim against a NAFI that was founded upon the Constitution. *Lion Raisins, Inc. v. United States*, 416 F.3d 1356 (Fed. Cir. 2005). The court compared it to the claim in *El-Sheikh*, which was founded upon an Act of Congress. *Id.* at 1364. The Government argued that the Tucker Act did not provide jurisdiction over the takings claim because the Government entity that carried out the taking was a NAFI. *Id.* The court disagreed.

Unless Congress specifically withdrawals jurisdiction by statute, the Tucker Act grants jurisdiction over claims founded upon the Constitution, such as a takings claim. *Id.* The court did not find such intent in the Tucker Act or elsewhere. *Id.* Rejecting the Government's argument, the court pointed out that it did not accept "a virtually identical" argument in *El-Sheikh*, and held that "there was no express NAFI limitation" for claims founded upon an Act of Congress. *Id.* It explained that "the Tucker Act encompassed the NAFI employee's [Fair Labor Standards Act] claim, because for purposes of the FLSA, the NAFI employer *is* the government of the United States and the FLSA was an *Act of Congress*." *Id.* at 1364-65 (internal quotes omitted) (emphasis added).

The limitations of the NAFI doctrine apply to *contract* claims against NAFIs, not other claims that are based on Acts of Congress, like the FLSA, or the Constitution, like takings claims. *Id.* at 1367-68. Congress intended to limit Tucker Act jurisdiction with respect to NAFIs only within the contracts context. *See id.* at 1367 ("Neither the text of the 1970 amendments, nor the legislative history, indicates that the amendments were intended to address anything beyond the limited question of which NAFIs would be able to subject the United States to suit based upon their contracting behavior.").

### II. The Fair Labor Standards Act

The United States may waive sovereign immunity with "a clear and express statute." *Taylor*, 303 F.3d at 1360. Congress waived the government's sovereign immunity for "most government employees" when it amended the FLSA in 1974. *El-Sheikh*, 177 F.3d at 1323. Congress expanded the definition of 'employee,' which the court described as "the touchstone of coverage under the Act[, to include] . . . any individual employed by the Government of the United States . . . (ii) in any executive agency . . . [or] (iv) in a nonappropriated fund instrumentality under the jurisdiction of the Armed Forces . . . ." *Id.* (quoting 29 U.S.C. § 203(e)(2)(A)). Any employee within the listed categories is an employee of the Government and can "maintain an action in the Court of Federal Claims against the United States for alleged violation of the Fair Labor Standards Act. . . . Nothing in either the statutory language or the legislative history indicates, or even suggests, that Congress intended to limit this waiver of

Case 1:08-cv-00231-RHH    Document 9    Filed 11/05/08    Page 5 of 5

sovereign immunity[] and the corresponding Tucker Act jurisdiction. . . ."). *El-Sheikh*, 177 F.3d at 1324.

### A. *NAFI Employees – 29 U.S.C. § 203(e)(2)(A)(iv)*

NAFI employees enjoy the same labor protections as other government employees under the Fair Labor Standards Act. *Taylor*, 303 F.3d at 1360. Congress passed the FLSA after the 1970 Tucker Act amendment and included NAFI employees in its coverage. *Id.* (stating that the FLSA "expressly included NAFI employees within its scope . . . [and granted] employees the right to sue for violation of the Act." (referencing 29 U.S.C. §§ 203(e)(2)(A)(iv), 216(b))). The nonappropriated funds doctrine does not apply to claims against NAFIs under the FLSA. *El-Sheikh*, 177 F.3d at 1325; *see also Taylor*, 303 F.3d at 1360 (discussing the *El-Sheikh* decision).

### B. *Executive Agency Employees – 29 U.S.C. § 203(e)(2)(A)(ii)*

The provisions of the FLSA protect employees of executive agencies. *See* 29 U.S.C. § 203(e)(2)(A)(ii). Plaintiffs in this case are Supervisory Police Officers at the United States Mint. The Mint is "a bureau in the Department of the Treasury." 31 U.S.C. § 304 (2000). The Department of the Treasury is an executive department, which is an executive agency. 5 U.S.C. §§ 101, 105 (2006).

The President appoints the Director of the Mint; the Secretary of the Treasury establishes the "duties and powers" of the Director. 31 U.S.C. §§ 301, 304. Congress directed the Secretary of the Treasury to set basic pay rates for the police forces of the Mint. 5 U.S.C. § 5378(a). Police forces of the United States Mint are "employees of the Department of the Treasury who are appointed, under the authority of the Secretary of the Treasury, as police officers for the protection of the . . . Mint buildings and property." *Id.* § 5378(b).

The FLSA defines 'employee' as a person employed by "any executive agency." 29 U.S.C. § 203(e)(2)(A)(ii). The Mint is a bureau of the Treasury Department and an executive agency. Mint employees are covered by the FLSA. Congress waived the government's sovereign immunity from actions under the FLSA.

### CONCLUSION

Defendant's motion to dismiss for lack of subject matter jurisdiction is DENIED. The parties will submit a Joint Status Report no later than November 19, to advise the court how they wish to proceed.

                                            s/ Robert H. Hodges, Jr.
                                            Robert H. Hodges, Jr.
                                            Judge